[Crim. No. 2657.   Fourth Dist., Div. One.   Sept. 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID COFFINBARGER, Defendant and Appellant.

Classen Gramm, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark W. Jordan, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged with unlawfully using a credit card issued by May Company, a retail merchandising corporation, to Dr. Charles Luckey, a violation of Penal Code section 484a, subdivision (b)(6); was tried by a jury; was convicted; and appeals.

May Company issued a credit card to Dr. Luckey and his wife. On January 7, 1966, defendant made eight purchases from May Company, using this credit card; received merchandise on account of these purchases; and, without authorization, signed Dr. Luckey's name to eight sales slips to effect the purchases. After his arrest he was interrogated by a policewoman; admitted signing Dr. Luckey's name to the sales slips; and, upon request, gave an example of his handwriting. At the trial, over objection by defense counsel, the policewoman testified defendant told her the name "Charles Luckey" appearing on the sales slips had been signed by him. A handwriting expert, using the handwriting examplar made by defendant as the basis for his opinion, testified the person who wrote the exemplar also wrote the signature "Charles Luckey" on the sales slips. Three sales clerks identified defendant as the person who made purchases from them and signed sales slips with the name "Charles Luckey." Five other persons were not able to identify the defendant as the person who signed the sales slips in connection with sales of merchandise made by them evidenced by sales slips purportedly signed by "Charles Luckey," but bearing a signature which was not that of Dr. Luckey.

Defendant's overruled objection to the testimony of the policewoman relating his admissions was that prior thereto he had not been advised of his constitutional rights to remain silent and to an attorney, in conformity with the requirements of the rules in *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758]; *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].).

The policewoman testified, in substance, she told defendant before interrogating him he was not requird to answer any of the questions she asked him; he was entitled to be represented by an attorney at all times; and anything he might say could be used against him.

In the course of a *voir dire* examination of the policewoman respecting the circumstances preceding defendant's making the handwriting exemplar, his counsel asked the question: "Would you tell me, Miss Donnelly, whether or not you warned him that any writing that he may make at that particular time would be compared and used against him, could be used against him?" An objection on the ground the question was immaterial, was sustained. Defense counsel moved that "all admissions, any and all statements, with regard to this particular transaction be kept from the record." The motion was denied.

Defendant contends the court erred (1) in admitting the incriminating statements made by him to the policewoman; and (2) in sustaining an objection to his question whether he had been advised the handwriting exemplar could be used against him.

### Admission of Incriminating Statements

■ Contrary to defendant's contention, the advice given him by the policewoman preliminary to his questioning did comply with the rules prescribed by *Escobedo* and *Dorado*. The *Miranda* rule did not apply. In *People* v. *Rollins*, 65 Cal.2d 681, 691 [56 Cal.Rptr. 293, 123 P.2d 222], the court stated it followed *Johnson* v. *New Jersey*, 384 U.S. 719, 732 [16 L.Ed.2d 882, 891, 86 S.Ct. 1772], "in limiting *Miranda* to trials which began after June 13, 1966." The trial at bench commenced on June 10, 1966, and concluded with a verdict on June 13, 1966. No error occurred. (See *People* v. *Gosman*, 252 Cal.App.2d 1004, 1009 [60 Cal.Rptr. 921].)

### Necessity of Advising Defendant re Effect of Giving a Handwriting Exemplar

Defendant's contention the court erred in sustaining an objection to his inquiry whether the policewoman advised him the written exemplar could be used against him is premised upon the further contention the police must give a defendant the warning prescribed by *Escobedo, Dorado* and *Miranda* before they obtain from him an exemplar of his handwriting. The rules in question do not apply to such a situation. In *Gilbert* v. *California* (1967), 386 U.S. 1951, 1953 [18 L.Ed.2d 1178, 1182, 87 S.Ct. 1951, 1953], it was held the taking of handwriting exemplars from an accused before first advising him of his constitutional rights does not violate any of those rights.

The judgment is affirmed.

Brown (Gerald), P. J., and Lazar, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1967.

---

*Assigned by the Chairman of the Judicial Council.